INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-579

Nos. 02-3388/3702

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
SEP 0 8 2003
LEONARD GREEN, Clerk

| | |
|---|---|
| AUDLEY CASANOVA, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| PAUL BYERS, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

C-1-00-579

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

Audley Casanova, a pro se federal prisoner and Georgia resident, appeals a district court judgment dismissing his legal malpractice action (No. 02-3388) as well as a district court order denying him pauper status on appeal (No. 02-3702). The legal malpractice action was filed pursuant to this court's diversity jurisdiction. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary relief, Casanova sued his federal appellate attorney, Paul Byers of Cincinnati, Ohio, for legal malpractice and breach of contract because Byers did not file a reply brief and request oral argument in Casanova's appeal before the United States Court of Appeals for the Fourth Circuit, but instead quit the practice of law in mid-appeal and became a police officer. The complaint was later amended to include a claim of barratry on the ground that Byers had filed a fictitious pleading on appeal with the intent to mislead the court. Casanova alleged that he had suffered a loss of hair as a result of Byers's neglect of duty.

Byers moved for summary judgment and to quash as irrelevant a subpoena seeking discovery of his employment records as a police officer. A magistrate judge recommended granting summary judgment to Byers, reasoning that the legal malpractice claim was barred by the statute of limitations, the breach of contract was subsumed within the legal malpractice claim, and no private cause of action existed for barratry. The magistrate judge also denied as moot Byers's motion to quash because the information which Casanova sought had no bearing on the statute of limitations and barratry issues. Upon de novo review and over Casanova's objections, the district court adopted the magistrate judge's report and recommendation. Thereafter, the district court denied Casanova pauper status on appeal, but revoked the order and granted pauper status when Casanova submitted a copy of his prison trust account statement.

I. Case No. 02-3388

On appeal, Casanova essentially argues that the district court erred by : 1) granting summary judgment before the completion of discovery; 2) determining that the statute of limitations began to run on the date of the injury, rather than upon Casanova's discovery of Byers's current address; 3) dismissing the barratry claim as non-cognizable; and 4) not allowing Casanova to amend the complaint before granting summary judgment.

We decline to address Casanova's first claim. A claim of inadequate time for discovery before summary judgment is not preserved for appeal unless the nonmovant has filed a motion for additional discovery or an affidavit pursuant to Fed. R. Civ. P. 56(f) which detailed the discovery needed. *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996). Casanova did neither.

Next, we conclude upon de novo review that the district court properly granted summary judgment to the defendant. *See* Fed. R. Civ. P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir. 1995). In Ohio, a legal malpractice action must be brought within one year after the cause of action accrued. *See* Ohio Rev. Code § 2305.11(A). The district court properly found that Casanova's cause of action accrued either on June 23, 1998, when the Clerk of Court for the Fourth Circuit informed Casanova that Byers had submitted the case on brief because

he was withdrawing from the practice of law, or when the Fourth Circuit denied Casanova's appeal on January 5, 1999. *See Zimmie v. Calfee, Halter & Griswold*, 538 N.E.2d 398, at syllabus (Ohio 1989). Casanova did not file his complaint within a year of either date, but instead waited until July 19, 2000.

Casanova's claims were not subject to equitable tolling because Casanova did not diligently pursue his rights by filing a complaint despite his inability to effect service. *See Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 561 (6th Cir. 2000). Under Fed. R. Civ. P. 4(m), Casanova had 120 days from the filing of a complaint to effect service upon the defendant, and he could have sought an extension of this period for good cause. Because Rule 4(m) provided an express legal remedy, equitable tolling was not appropriate. *See Lambert v. United States*, 44 F.3d 296, 299-300 (5th Cir. 1995).

The district court properly dismissed Casanova's barratry claim because no private cause of action exists. Additionally, the claim is, in essence, another malpractice claim and thus is also barred by the statute of limitations.

Finally, the district court properly granted summary judgment without allowing Casanova an additional opportunity to amend his complaint. As noted above, the district court permitted Casanova to file one amended complaint so that he could add his barratry claim. Casanova did not move again for leave to amend, nor attempt to file a second amended complaint. Hence, the court could not possibly be in error as it had no duty to act sua sponte and grant Casanova leave to file a second amended complaint.

## II. Case No. 02-3702

In this case, Casanova filed a notice of appeal from the district court's order denying him pauper status, but did not raise any argument on appeal concerning the order.

We conclude that the appeal must be dismissed as moot because the district court vacated its order and granted pauper status. Thus, no case or controversy exists and this court lacks jurisdiction over the appeal. *See DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974).

Nos. 02-3388/3702
- 4 -

Accordingly, the district court's judgment is affirmed in Case No. 02-3388, and the appeal in Case No. 02-3702 is dismissed as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 532
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

NANCY J. BARNES
(513) 564-7022
www.ca6.uscourts.gov

Filed: September 8, 2003

Paul Byers
310 Ezzard Charles Drive
Cincinnati, OH 45214

Audley Casanova
Federal Correctional Institution
#18131-057
2680 Highway 301, S.
P.O. Box 2650
Jesup, GA 31599-2650

RE: 02-3388: 02-3702
Casanova vs. Byers
District Court No. 00-00579

Enclosed is a copy of an order which was entered today in the above-styled case.

(Ms.) Nancy Barnes
Case Manager

Enclosure

cc:
Honorable S. Arthur Spiegel
Mr. Kenneth J. Murphy