FILED
Terry Deinlein, Acting Clerk
Cincinnati, Ohio

03 NOV 20 PM 3:52

U.S. DIST COURT
WEST DIV CINCINNATI

Audley Casanova
Reg No. 18131-057
FCI Jesup, Unit-EB
2680 HWY 301 South
Jesup, Georgia 31599
(Pro se Plaintiff)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUDLEY CASANOVA, | : | |
| PLAINTIFF, | : | |
| VS. | : | CASE NO. C-1-00-579 |
| PAUL BYERS, | : | |
| DEFENDANT. | : | PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FRCVP-60(b). |
| | : | |

NOW COMES, the Plaintiff, Audley Casanova, pro se, in the above styled cause and respectfully moves this honorable court for a order releasing him from the judgment entered granting Byers' motion for summary judgment based upon the malpractice against him was barred by the statute of limitations, and states:

1.  This cause comes before this Court upon Casanova's motion that seeks relief from the judgment entered, that ruled that Casanova's cause of action accured, at latest, on January 5, 1999 when the Court of Appeals rendered its decision.

2.   The adopted report and recommendation issued by the Magistrate concluded that the Cause of action accrued when the attorney client relationship ended, which the Court suggested was sometime in 1998. This suggestion was/is inaccurate. The record demonstrate that Casanova was in discussion with Byers about returning his funds for failure to complete the contract. Casanova was given the impression that Byers was considering returning part of the requested funds , because he maintained that he have honored part of the contract.

3.   Casanova contents that the above mention belief came from the fact that counsel had spoken with him and his family at on two different occasion in their discussion of the returned funds. At no time during these discussion did Byers give the impression that the attorney-client relationship had ended. In fact, give the language of the discussion, one would believe that Byers was considering returning part of the requested funds. These discussion occurred some time in July of 1999. Casanova was never given a clear denial  of such request, but live with the belief that Byers would return  a portion of the monies. It was not discover that Byers did not intent to given any of the requested funds back until after his sister located him at the Cincinnati police department in early 2000.

WHEREFORE, for all of the foregoing reasons, Casanova's motion for relief from judgment should be granted, because his cause of action did not accrue until early 2000. He presented his complaint for filing on July 19, 2000, well within the one year period.

Respectfully Submitted

Dated: 11-15-03

/s/ *[signature]*

## VERIFICATION

I, hereby certify under the penalty of pains and perjury that the matter and facts set forth herein are true and correct to the best of the Plaintiff's knowledge, information and belief.

/s/ _____
Audley Casanova

## CERTIFICATE OF SERVICE

I, hereby certify that a true and exact copy of the foregoing was served on Paul Byers, at 310 Ezzard St., Cincinnati, Ohio 45214 , On 11/15/03, with proper postage affixed.

/s/ _____
Audley Casanova