UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Audley Casanova,
    Plaintiff

    vs                                     Case No. 1:00-cv-579

Paul Byers,
    Defendant                    **REPORT AND RECOMMENDATION**
                                              (Spiegel, J.; Hogan, M.J.)

       This matter is before the Court on plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b) (Doc. 38), defendant's response thereto (Doc. 39), and plaintiff's reply memorandum. (Doc. 40).

       On December 10, 2001, the District Judge adopted the Report and Recommendation of the Magistrate Judge dismissing plaintiff's legal malpractice claim as barred by the statute of limitations and his barratry claim because no civil cause of action for barratry exists. (Doc. 17).  On appeal, the Sixth Circuit Court of Appeals affirmed the decision of the District Court in an Order dated September 12, 2003. (Doc. 34).  On November 20, 2003, plaintiff filed his motion for relief from judgment, arguing his cause of action for malpractice did not accrue until early 2000 and thus his complaint filed in this case was timely. (Doc. 38).

       Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .  or (6) any other reasons justifying relief from the operation of the judgment."  Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989).  *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).  A Rule 60(b) motion must be made within a "reasonable time," and if the motion is brought under Rule 60(b)(1), (2), or (3), not longer than one year after entry of judgment.  Fed. R. Civ. P. 60(b).

Here, plaintiff filed his motion for relief from judgment on November 20, 2003. While plaintiff fails to specify under which particular subsection of Rule 60(b) he qualifies, he appears to concede the one year filing limitation of Rule 60(b)(1) through (3) applies. (Doc. 40 at 2). Plaintiff's motion, however, was filed nearly two years after the Court's judgment which was entered on December 10, 2001. Nevertheless, plaintiff argues that the one year limitation period for filing his Rule 60(b) motion does not expire until the District Court's judgment becomes "final." He contends that since he has pursued an appeal to the Sixth Circuit and may appeal to the United States Supreme Court, the District Court's judgment is not yet final.

Contrary to plaintiff's argument, his pending appeal before the Sixth Circuit Court of Appeals did not toll the running of the one-year period for filing a motion under Rule 60(b). *See McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 383 (6th Cir. 1991). *See also King v. First American Investigations, Inc.,* 287 F.3d 91, 94 (2d Cir. 2002), and cases cited therein. Because a Rule 60(b) motion can be made even though an appeal has been filed and is pending, there is no need for the tolling of the time period for Rule 60(b) motions. *Id*. Plaintiff's failure timely file his motion within the one-year time period procedurally bars his motion.[1] Accordingly, plaintiff's motion for relief from judgment should be denied.

Even if plaintiff's motion had been timely filed, plaintiff has not alleged any facts which suggest that relief from judgment is warranted in this case. Plaintiff's Rule 60(b) motion is merely an attempt to relitigate the merits of the statute of limitations defense already rejected by this Court and the Court of Appeals. *See Mastini v. American Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir. 1966). *See also Barnes v. Clinton*, 57 Fed. Appx. 240, 241, 2003 W.L. 245329, \*\*2 (6th Cir. 2003); *O'Connel v. Miller*, 8 Fed. Appx. 434, 435, 2001 W.L. 468003, \*\*1 (6th Cir. 2001). Under such circumstances a Rule 60(b) motion should be denied.

---

[1] Because plaintiff's motion falls within the one year time limit of Rule 60(b)(1), (2), and (3), the Court is precluded from granting him relief under Rule 60(b)(6) which has a "reasonable time" limit. Plaintiff cannot use Rule 60(b)(6) to circumvent the one year filing limitation of Rule 60(b)(1) through (3). *See Fuller*, 916 F.2d at 360.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for relief from judgment be **DENIED**.


Date:  2/24/2004                                s/Timothy S. Hogan
                                                Timothy S. Hogan
                                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).