```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


AUDLEY CASANOVA,              :      NO. 1:00-CV-00579
                              :
     Plaintiff,               :
                              :
  v.                          :      ORDER
                              :
PAUL BYERS,                   :
                              :
     Defendant.               :
                              :
```

This matter is before the Court on the Magistrate Judge's February 24, 2004 Report and Recommendation (doc. 41), Plaintiff's Objection (doc. 42), and Defendant's Response (doc. 43).

On December 10, 2001, the Court adopted the Report and Recommendation of the Magistrate Judge and granted summary judgment to Defendant on Plaintiff's claims for breach of contract, legal malpractice, and barratry (doc. 17). The Court affirmed that Plaintiff's claim for breach of contract was subsumed into his claim for legal malpractice, that the malpractice claim was time-barred under Ohio Rev. Code § 2305.11, and that with regard to the barratry claim, Plaintiff failed to state a claim upon which relief may be granted (Id.).

Plaintiff appealed the Court's judgment, and on September 12, 2003, the Sixth Circuit affirmed the grant of summary judgment against Plaintiff, finding that his legal malpractice claim was barred by the statute of limitations of Ohio Revised Code § 2305.11(A)(doc. 34). The Sixth Circuit indicated that the Court properly found that Plaintiff's cause of action properly accrued

either on June 23, 1998, when the Clerk of Court for the Fourth Circuit informed Casanova that Defendant had submitted the case on brief because he was withdrawing from the practice of law, or when the Fourth Circuit denied Casanova's appeal on January 5, 1999 (Id.). Casanova did not file his Complaint within a year of either date, but instead waited until July 19, 2000 (Id.).

Plaintiff then sought relief pursuant to Fed. R. Civ. P 60(b) under the theory that the Court's determination that his cause of action accrued at the latest on January 5, 1999, was erroneous, because he had continued discussions with Defendant in July of 1999 concerning a refund of money in relation to their contract dispute, so that the attorney-client relationship had not yet terminated (doc. 38). Defendant opposed Plaintiff's motion under the theory that it is time-barred under Rule 60(b) (doc. 39). Plaintiff responded that as there has been no final judgment, he is still entitled to seek relief under Rule 60(b) (doc. 40).

In his February 24, 2004 Report and Recommendation, the Magistrate Judge found that Plaintiff's appeal before the Sixth Circuit did not toll the running of the one-year period for filing a motion under Rule 60(b)(doc. 41, citing McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir. 1991)). The Magistrate Judge found, therefore, that Plaintiff's failure to timely file his motion within the one-year period bars his motion (Id.). The Magistrate Judge further found that even if timely filed, Plaintiff's motion fails to allege facts which suggest that relief from judgment is warranted in this case (Id.). The

2

Magistrate Judge concluded that Petitioner's Rule 60(b) motion should be denied (Id.).

Plaintiff objected to the Magistrate Judge's Report and Recommendation based on the theory that his fraud claim does not have a one-year time limit under Rule 60(b)(3) (doc. 42). Defendant responds that Plaintiff misreads the rule, and that Rule 60(b) sets a one-year time limit on fraud claims (doc. 43).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken. The Court agrees with Defendant's position that Plaintiff misreads Rule 60, and that Plaintiff's motion is time-barred. Furthermore, relief under 60(b) is "extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984); see also Williams v. Arn, 654 F. Supp. 241, 246-47 (N.D. Ohio 1987) (quoting same). In this instance, the Court finds no exceptional circumstances shown justifying relief for Plaintiff under Rule 60(b).

Even if the facts alleged by Plaintiff could be the basis for an extended attorney-client relationship with Defendant[1], such

---

[1] The Court does not find well-taken Plaintiff's position that discussions about payment under the contract somehow extended the attorney-client relationship. Under Brown v. Johnstone, 450 N.E. 2d 693, 695 (Summit Co. 1982), the attorney-client relationship is consensual, and the actions of either party can affect its continuance. In the summer of 1999, the parties were no longer in a professional relationship as Defendant had withdrawn from the practice of law, and Plaintiff had been informed of that fact a year earlier. A dispute about money does not evidence the mutual confidence of an enduring

facts do not constitute newly discovered evidence, nor evidence any mistake.  Moreover, it is uncontested that Plaintiff was informed by the Fourth Circuit on June 23, 1998, that Defendant was withdrawing from the practice of law (doc. 34).  The Sixth Circuit found correct this Court's legal determination that Plaintiff's cause of action accrued at the latest on January 5, 1999, and therefore is barred by the statute of limitations (<u>Id</u>.).  These circumstances do not warrant the extraordinary relief of Rule 60(b).

Accordingly, the Court AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 41), and DENIES Plaintiff's Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b) (doc. 38).

SO ORDERED.

Date: April 13, 2004        /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge

---

attorney-client relationship.